# U.S. Department of Justice

**United States Attorney**
**District of Nebraska**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2004 NOV 16  PM 2:29

OFFICE OF THE CLERK

*487 Federal Building*
*100 Centennial Mall North*
*Lincoln, Nebraska 68508-3865*

*PH: (402) 437-5241*

*FAX : (402) 437-5390*

August 26, 2004

Travis L. Hardesty
% Sean Brennan
140 N. 8th St., Suite 340
Lincoln, NE 68508

RE: United States v. Travis L. Hardesty, 4:04CR 3044

Dear Mr. Hardesty:

Based upon your representation that you are willing to cooperate with the District of Nebraska in its investigation into illegal activities involving controlled substances, the United States will enter into an agreement with you on the following conditions:

1a.  You will plead guilty to Count I of an Indictment charging in Count I:  a violation of Title 21, United States Code, Section 846, conspiracy to distribute and  possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance. You understand that by entering this plea of guilty to Count I, you are exposed to imprisonment of not less than ten years nor more than life imprisonment, a fine of not more than $4,000,000, both such imprisonment and fine, at least five years of supervised release and a $100 special assessment. You are aware that certain prior convictions may enhance the penalties specified above.  You are also aware that violation of supervised release may add additional time of imprisonment.  See Title 18, United States Code, Section 3583(e)(3).

1b.  Provided that you demonstrate acceptance of responsibility to the Probation Office and to the Court, the undersigned Assistant United States Attorney stipulates that you notified authorities in a timely manner of your intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently and will move for an additional one point reduction in your offense level for acceptance of responsibility..

1c.  You and the United States Attorney's Office for the District of Nebraska further agree that:
(1) you will make no "blanket" objections to the criminal history portion of the presentence investigation report.  Good faith objections, supported by specific allegations

explaining why the particular criminal history entry is incorrect, will not invalidate this plea agreement,

(2) the parties agree that neither side is entitled to an offense level adjustment under U.S.S.G. Chapter 3 Part B - Role in the Offense, and

(3) you will not seek downward departure from the sentencing guideline range computed pursuant to the United States Sentencing Guidelines for any other reason.

2. You will enter your plea of guilty to Count I of the Indictment as set forth in paragraph one of this agreement at such time as may be exclusively determined by the United States Attorney for the District of Nebraska upon reasonable notice to you.

3. The undersigned Special Assistant United States Attorney for the District of Nebraska agrees that you will not be federally prosecuted in the District of Nebraska for violations of controlled substances law, other than as set forth in paragraph numbered one (1) above. This agreement is limited to those statements and acts of criminal conduct concerning controlled substances committed by you prior to your initial appearance in this case on April 27, 2004, and reported by you to officers of the Lincoln Police Department during an interview on June 30, 2004, and does not limit in any way the right or ability of the United States to investigate or prosecute crimes occurring outside the scope of this agreement.

4. You shall truthfully answer all questions asked of you by the United States Attorney for the District of Nebraska, his designate, the Lancaster County Attorney, his designate, and/or law enforcement agents, and shall truthfully disclose and volunteer to the United States Attorney for the District of Nebraska, his designate, the Lancaster County Attorney, his designate, and/or law enforcement agents, all information regarding your activities and that of others in all criminal matters of which you currently have knowledge or hereafter acquire knowledge. You shall not withhold any information. You shall neither protect nor harm any person or entity through false information or omission. You shall not falsely implicate any person or entity. You shall forthwith furnish any documents in your custody or possession or under your control that are relevant to the investigation. You shall accompany agents of the United States and/or agents of designated state or local law enforcement agencies to any location of their choosing in order to accomplish such full disclosure. Further, you shall cooperate with law enforcement agencies in any manner requested of you in any on-going narcotics investigation. You shall truthfully testify before the Grand Jury and/or at any trial or other court proceeding, regarding any matters about which the United States Attorney for the District of Nebraska or his designate and the Lancaster County Attorney or his designate may inquire.   You shall also make yourself available for interview by attorneys and law enforcement officers upon request and reasonable notice and assist them in any manner requested of you in regard to any on-going narcotics or other criminal investigation. If your continuing cooperation requires the approval of the Court, you agree to actively assist in the acquisition of such approval. Your cooperation commences with your signing of this plea agreement. Once this document is signed, you shall commit no crimes whatsoever.

5. For the purpose of determining an appropriate sentence within the guideline range specified for this offense, the United States Attorney for the District of Nebraska, or his

designate, will bring your cooperation to the attention of the United States District Court having jurisdiction over any sentencing proceedings involving you, either in open court, or by other reasonable and lawful means, according to the wishes of you and your counsel. By signing this agreement, you acknowledge that this provision, paragraph five, neither addresses nor entitles you to the filing of a motion for downward departure from the sentencing guidelines and/or the statutory minimum sentence by the United States Attorney for the District of Nebraska, or his designate.

6. Any cooperation provided by you will be considered by the United States Attorney, or his designate, under Sentencing Guideline § 5K1.1 and/or, separately, under 18 U.S.C. § 3553(e). If the United States Attorney, or his designate, in his sole discretion, concludes you have provided substantial assistance in the investigation and/or prosecution of one or more other persons who have committed an offense, and that you have otherwise not violated this plea agreement, the United States Attorney for the District of Nebraska, or his designate, shall file a motion with the sentencing Court requesting the Court to depart from the sentencing guidelines and/or, separately, from the statutory minimum sentence in determining an appropriate sentence for you. You understand that the United States Attorney for the District of Nebraska, and his designates, do not consider any cooperation to be substantial until completed and therefore subject to evaluation as a whole. Therefore, any such motion shall be made prior to sentencing only if your cooperation has been thoroughly completed prior to sentencing; otherwise, the government shall file a motion pursuant to Rule 35 (b) of the Federal Rules of Criminal Procedure within a reasonable time following sentencing. You knowingly and voluntarily waive any and all challenges to the government's decision to not file or seek a downward departure prior to the completion of your cooperation, and you agree to join with the government in requesting from the Court from time to time a continuance(s) of any rule 35 motions filed herein until such time as your cooperation has been completed. The United States' obligation herein is limited to its filing of this motion(s), and this agreement is in no sense contingent upon the sentencing Court's grant or denial of the United States' motion(s) to depart from the sentencing guidelines and/or, separately, from the statutory minimum sentence. By signing this agreement, you acknowledge that he has been fully advised by your attorney regarding your rights to challenge the failure of the United States Attorney for the District of Nebraska, or his designate, to move for any departure contemplated by the terms and conditions of this plea agreement, including actions pursuant to 28 U.S.C. §§ 2255 and 2241 and coram nobis actions, and you knowingly and voluntarily waive any right which you may have to challenge the government's decision to not file or seek a downward departure pursuant to Title 18 U.S.C. §3553 (e), Rule 35 (b), or U.S.S.G. §5K1.1, except upon a substantial threshold showing by you that any such decision was based upon an unconstitutional motive related to your race, religion, gender, or national origin, or except upon an appropriate showing of a violation of your Sixth Amendment Right to Counsel. You further acknowledge that he has received no assurances nor promises as to what sentence will be imposed by the Court.

7 . By signing this agreement, you waive any and all rights under the Speedy Trial Act and acknowledge that you understand and agree that sentencing may be delayed until the cooperation anticipated by this agreement has been completed. You stipulate that any such delay is in your best interests, is in the interest of justice, and constitutes full and sufficient grounds for

the Court to find that any delay in this judicial process regarding you is excludable time in computing compliance with any federal speedy trial requirements which may apply to this matter. This waiver is necessary, so that the Court will have the benefit of all relevant information regarding your cooperation at time of sentencing.

8.  Should it be judged by this United States Attorney for the District of Nebraska, or his designate, in his sole discretion, that, in order to facilitate securing this document, or, after signing this document, you have given false, incomplete, or misleading testimony or information, have committed a crime, or have otherwise violated any provision of this agreement, you understand that you shall be considered to have violated this plea agreement, and you agree that the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline to file and sentencing recommendation or motion for downward departure the government is otherwise bound by this agreement to give.  You understand and agree that, additionally, you shall then be subject to prosecution for any federal, state, or local criminal violation of which this office has knowledge, including, but not limited to, perjury, obstruction of justice, and any crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s) may be premised upon any information, statement, or testimony provided by you, including any such information, statement or testimony given under this agreement, and such information deduced and derived therefrom.  No statement or other information provided by you shall be deemed to be precluded from use against you in the event of your breach of this agreement.  By signing this agreement, you expressly waive your objection to the use of any such statements, testimony or information to which you may otherwise be entitled to object in any federal prosecution, now or at any time in the future.

9.  This agreement is limited to the United States Attorney's office for the District of Nebraska and does not bind any other federal, state or local prosecuting authorities, although this office will bring your cooperation to the attention of other prosecuting authorities, if so requested.

10a.  You admit that you are responsible beyond a reasonable doubt for at least 1.5 kilograms but less than 5 kilograms of a substance or mixture containing a detectable amount of methamphetamine and therefore, pursuant to U.S.S.G. §2D1.1, the defendant's base offense level is 34.

10b.  You are aware that an additional two points may be added to your base offense level in accordance with U.S.S.G. §2D1.1(b)(1) for possession of a dangerous weapon.

11.  By signing this agreement and pleading guilty, you hereby waive and give up any right to have a jury resolve any facts, other than a prior conviction, that increases your sentence. By signing this agreement and pleading guilty, you hereby agree that a judge will decide any facts relevant to sentencing and will resolve any disputes by the preponderance of the evidence and not beyond a reasonable doubt.  By signing this agreement and pleading guilty, you hereby acknowledge your understanding that the sentencing judge will determine the facts relevant to sentencing as he or she sees fit, even if you and the government have agreed to different facts. By signing this agreement and pleading guilty, you also hereby waive and give up any right to

claim that the Guidelines are unconstitutional or that the indictment, or grand jury proceedings related thereto, is invalid for failure to specify Guideline-enhancement factors.

12. By signing this agreement, you agree that any or all information available to the U. S. Probation Office through provisions of pretrial services may be used by the probation office in preparing and submitting its presentence report and may be disclosed to the Court for purposes of sentencing. You hereby waive any objection to the use of such information for purposes of sentencing. However, information provided by Defendant, which is not otherwise available to the government, shall not be used against Defendant for sentencing pursuant to §1B1.8 of the Sentencing Guidelines.

13. Pursuant to Title 18, United States Code, Section 3013, the Court is obligated to impose at sentencing a mandatory special assessment of $100.00 for each felony count to which you enter a plea of guilty. Collection of these unpaid amounts after sentencing has proven to be a time consuming and costly matter for the government. Accordingly, as part of this plea agreement, you are required to provide these amounts at the time of sentencing in the form of a check (i.e., cashier's check, certified check, money order, or your attorney's trust fund check - no personal checks and no cash) made payable to the Clerk of the United States District Court. The check is to be made payable in the amount of the special assessment. This check is to be delivered to the Clerk of the United States District Court.

14. By signing this agreement, you acknowledge that, in the event you violate any term or condition of this agreement, you shall not, because of such violation of this agreement, be allowed by either the Court or the United States Attorney for the District of Nebraska, or his designate, to withdraw your plea of guilty.

15. Should the court for any reason not accept this plea agreement, this plea agreement shall be considered null and void, and the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline to file any sentencing recommendation or motion for downward departure they are otherwise bound by this agreement to give regarding sentencing, and the United States may then prosecute you for law violations which the United States had otherwise promised in this agreement not to pursue. In further consideration of this agreement, except as provided in this paragraph, defendant waives his right to withdraw his plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure.

16. Even if you breach this agreement, should you be convicted of any of the crimes in the Indictment filed in this case, the United States must still, in conformity with procedures specified in paragraph six of this agreement, bring to the attention of the sentencing court any acts of prior or ongoing cooperation provided by you.

17. Since your acceptance of this agreement terminates all plea discussions with the United States Attorney for the District of Nebraska, or his designate, any statements made by you after the date of your acceptance of this agreement are not governed by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

18. In addition to criminal prosecution purposes, the United States can use against you any disclosure(s) you have made pursuant to this agreement in any civil proceeding.

19. Nothing contained in this agreement shall in any manner limit your civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing against you any applicable civil remedy, including but not limited to remedies regarding taxation.

20. This plea agreement may be withdrawn by the United States Attorney for the District of Nebraska, or his designate, at any time prior to acceptance by you. Acceptance is deemed to occur when this document has been signed by you and your attorney and has been stamped as received in the offices of the United States Attorney for the District of Nebraska. In addition, if the United States Attorney for the District of Nebraska, or his designate, has not received this agreement back from you, properly executed, at the offices of the United States Attorney for the District of Nebraska on or before ~~August 12~~, 2004, this proposed plea agreement is automatically withdrawn. *September 12,* jrw

21. No promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

9-12-04
Date

TRAVIS L. HARDESTY

9-12-04
Date

SEAN BRENNAN
ATTORNEY FOR TRAVIS L. HARDESTY

9|13|04
Date

JANICE M. LIPOVSKY
SPECIAL ASSISTANT U. S. ATTORNEY

22. Upon request by the United States Attorney for the District of Nebraska, or his designate, you will submit to a polygraph examination. In the event you are called upon by the United States to submit to a polygraph examination, and the examiner concludes that you are deceptive and/or misleading, you will be afforded an opportunity to review and explain the deceptive responses to the United States Attorney for the District of Nebraska, or his designate. If the totality of circumstances convinces the United States Attorney for the District of Nebraska, or his designate that your statement is not complete, straightforward and truthful, you will be so informed, and any and all obligations imposed on the United States by this agreement may be rendered null and void by the United States Attorney for the District of Nebraska, or his designate, and the consequences of violating this agreement by the defendant, set forth above in this agreement will apply.

9-12-04
Date

TRAVIS L. HARDESTY

9-12-04
Date

SEAN BRENNAN
ATTORNEY FOR TRAVIS L. HARDESTY

9 13 04
Date

JANICE M. LIPOVSKY
SPECIAL ASSISTANT U. S. ATTORNEY